UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                 :

RHYTHM OF LIFE CORP., d/b/a BROADWAY   :
DANCE and BROADWAY DANCE WEST 65TH  :   **ORDER DENYING MOTION TO**
LLC,                                          :   **REMAND**
                                 :

                 Plaintiffs,       :   20 Cr. 8459 (AKH)
                                 :

                 v.                 :

THE HARTFORD FINANCIAL SERVICES     :
GROUP INC. and SENTINEL INSURANCE     :
COMPANY LTD,                    :
                                 :

                 Defendants.     :
                                 :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs commenced this action in New York Supreme Court, seeking a

declaratory judgment arising from an insurance contract. In October 2020, Defendants removed

this action from New York Supreme Court to this Court, pursuant to 28 U.S.C. § 1441(a). *See*

ECF No. 1. Plaintiffs now move to remand this action to state court. *See* ECF No. 6. For the

reasons discussed below, Plaintiffs' motion to remand is denied, and the Court will retain

jurisdiction over the action.

## Background

        Plaintiffs operate two dance studios in Manhattan under common management.

*See Compl.* at ¶¶ 3, 13. In March 2020, the Governor of New York ordered that all non-essential

businesses statewide must close in-office personnel functions due to the COVID-19 pandemic.

*See id.* at ¶¶ 70. Plaintiffs alleged that they had to "shut [their] doors" as a result. *See id.*

at ¶¶ 77–78. Plaintiffs filed insurance claims in June and August 2020, but Defendant Sentinel

Insurance Company Ltd denied both claims. *See id.* On August 7, 2020, Plaintiffs commenced a

lawsuit in New York Supreme Court, seeking a declaratory judgment that their losses and additional expenses resulting from the Governor's stay-at-home order were covered under their policies. *See id.* ¶¶ 95–101. On October 9, 2020, Defendants filed a Notice of Removal, removing the lawsuit from New York Supreme Court to this Court. *See* ECF No. 1. On November 8, 2020, Plaintiffs filed this motion to remand, contending that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has not been met.

## Discussion

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants." 28 U.S.C. § 1441(a). The district courts have original jurisdiction of all civil actions where the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." 28 U.S.C. § 1332(a). "Out of respect for the independence of state courts, and in order to control the federal docket, 'federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

In a removed case, "[the] party invoking [federal] jurisdiction . . . has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997) (quoting *United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 1994)) (internal quotations omitted) (alteration in original). The defendant "must justify [its] allegations that [the plaintiff's] complaint asserts

claims exceeding [$75,000] by a preponderance of [the] evidence." *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (internal quotations omitted).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).  In the Second Circuit, "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972) (internal quotations omitted).  A district court, in determining removability, may consider "documents appended to a notice of removal or a motion to remand that convey information essential to the courts' jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *see also Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957) (looking to information contained in affidavits submitted in support of a motion to remand to determine removability); *Oglesby v. RCA Corp.*, 752 F.2d 272, 278 (7th Cir. 1985) (holding it was proper for the district court to look to a motion to remand and removal petition to determine removability).

Plaintiffs' object of this litigation is to seek a declaratory judgment "to affirm that the Civil Authority orders trigger coverage" and "that the Policy provides coverage to Plaintiffs for any current and future Civil Authority closures of businesses in New York County and New York State due to physical loss or damage from the Coronavirus . . . ." *Compl.* at ¶100.  "When the applicability of liability coverage is at issue, as in this case, 'the jurisdictional amount in controversy is measured by the value of the underlying claim . . . .'" *Perez v. Foremost Ins. Co.*,

No. 17-CV-997 (HKS), 2018 WL 2473573, at *2 (W.D.N.Y. June 4, 2018) (quoting *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)).

Defendants have shown by a ponderance of the evidence that the value of the underlying claim for losses of income exceeds the jurisdictional amount.  The Notice of Removal plausibly alleges that the amount in controversy is more than $75,000.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "need not contain evidentiary submissions").  For instance, it asserts that "Plaintiffs claim to have 'sustained significant business losses,' starting on March 7, 2020, and worsening after March 20, 2021," and "[g]iven that two dance studios located in New York City are seeking many months' worth of lost business income and increased operating costs, the amount is controversy is more than $75,000."  ECF No. 1, at ¶ 3 (quoting *Compl.* at ¶¶ 4, 79).  Once removability became disputed, Defendants also substantiated their allegations with documents and extrinsic evidence.  *See Dart*, 574 U.S. at 88–89 (clarifying that "[e]vidence establishing the amount [in controversy] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation," and if such a challenge is made, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").  In opposition to Plaintiffs' motion, Defendants submit that a corporate research firm estimates Plaintiff Rhythm of Life's annual revenue at approximately $4.3 million.  *See* ECF No. 11, Ex. B, at 4.  Because the amount in controversy is measured as of the time of removal, *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010), the losses at issue span approximately 30 weeks, or, 57% of the year.  This plausibly suggests that the underlying claim may potentially reach $2.5 million, far exceeding

the jurisdictional threshold.  Defendants also made plausible allegations based on Plaintiffs' own website.  *See* ECF No. 11, at 13–14; *see also* Fed. R. Evid. 201; *United States v. Bari*, 599 F.3d 176, 180 (2d Cir. 2010) (holding that it was not a reversible error for a judge to employ an internet search to confirm a reasonable intuition on a matter of common knowledge). Defendants assert that Plaintiffs "offer[] more than 350 drop-in classes a week," and, before the COVID-19 pandemic, each class cost $22 per person.  *See* ECF No. 11, at 13 (quoting ECF No. 11, Ex. G, H) (alteration in original).  Had only one person attended each of the 350 classes offered in a week and paid $22 for that class, Plaintiffs would generate $7,700 in revenue in a week.  *See* ECF No. 11, at 13.  For the 30 weeks at issue, that amounts to $231,000 in revenue from drop-in classes alone.  *See id.*

On the other hand, Plaintiffs' motion and briefs are devoid of any allegation or evidence to the contrary.  *See Dart*, 574 U.S. at 82 ("In the event that the plaintiff does contest the defendant's allegations, *both sides* submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.") (emphasis added).  Plaintiffs do not even dispute the validity or strength of the extrinsic evidence put forth by Defendants.  *See generally* ECF No. 13.  Plaintiffs also declined an invitation to stipulate the value of their underlying claim below the jurisdictional threshold.  *See* ECF No. 11, at 14; *see also Felipe v. Target Corp.*, 572 F. Supp. 2d 455 (S.D.N.Y. 2008) (finding that the plaintiff "effectively conceded the amount in controversy issue," when defendant's "counsel attempted to seek an agreement with plaintiff's counsel to limit plaintiff's damages to $75,000," and there was no response); *Luo*, 625 F.3d at 776 (citing this aspect of *Felipe* with approval).  Accordingly, Defendants have shown, by a ponderance of the evidence, that the value of the underlying claim plausibly exceeds the jurisdictional amount.

**Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand is denied, and the Court will retain jurisdiction over the case.  The Clerk of Court is instructed to terminate the open motion (ECF No. 6).  Oral argument scheduled for March 1, 2021, is canceled.


SO ORDERED.

Dated:        February 26, 2021              _____/s/_____
              New York, New York                     ALVIN K. HELLERSTEIN
                                                      United States District Judge